[Cite as *State v. Burns*, 2019-Ohio-2182.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
|     Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2018 CA 0008 |
| JOSEPH BURNS | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common Pleas, Case No. 2017 CR 0125


JUDGMENT:    Dismissed


DATE OF JUDGMENT ENTRY:    June 3, 2019


APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

JASON GIVEN                JEFFREY A. MULLEN
PROSECUTING ATTORNEY       PUBLIC DEFENDER
318 Chestnut Street             239 North Fourth Street
Coshocton, Ohio  43812         Coshocton, Ohio  43812

*Wise, John, P. J.*

**{¶1}** Defendant-appellant Joseph D. Burns appeals his conviction on one count of Domestic Violence, following a plea of guilty in the Coshocton County Court of Common Pleas.

*Facts and Procedural History*

**{¶2}** On November 17, 2017, Appellant Burns was indicted on one count of Domestic Violence, in violation of R.C. §2919.25(A), a felony of the fourth degree.

**{¶3}** Appellant initially pled not guilty and discovery proceeded in this matter.

**{¶4}** On September 14, 2018, Appellant came before the court for a change of plea wherein Appellant entered a plea of guilty as charged in the indictment. In the Judgment Entry Plea of Guilty the State of Ohio agreed that in exchange for Appellant's plea of guilty it would recommend community control sanctions and that Appellant be sentenced to a Community Based Correctional Facility. The State of Ohio further agreed to take no position on judicial release and to not oppose a pre-sentence investigation.

**{¶5}** The trial court accepted Appellant's guilty plea, ordered a pre-sentence investigation and set the matter for a sentencing hearing on November 2, 2018.

**{¶6}** At the sentencing hearing on November 2, 2018, and memorialized in a Judgment Entry filed November 7, 2018, the trial court sentenced Appellant to seventeen (17) months imprisonment.

**{¶7}** In the Sentencing Entry the trial court explained that it could not adhere to the joint sentencing recommendation due to the actions of Appellant while on bond after the change of plea hearing. The court stated:

While awaiting sentencing, the Defendant failed to report to the court as ordered on October 9, 2018; failed to keep his GPS monitor charged; the GPS monitor was then removed by the Defendant without permission from the court; and the Defendant used methamphetamine while awaiting his presentence investigation. (Judgment Entry on Sentencing at 2).

**{¶8}** In its Sentencing Entry the trial court also noted that Appellant orally moved the court to withdraw his guilty plea, but the court found the motion to be not well-taken and denied same from the bench. *Id.*

**{¶9}** Counsel for Appellant filed a Motion to Withdraw and a Brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493(1967) asserting one potential assignment of error:

**{¶10}** "I. THE TRIALS COURT'S SENTENCE WAS CONTRARY TO LAW".

*Law and Analysis*

**{¶11}** In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. 386 U.S. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss

the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

**{¶12}** In his brief, filed January 2, 2019, counsel gave the following notice to Appellant:

Notice is hereby given to the Defendant/Appellant, Joseph Burns, of his right to raise any issues, objections or points he wishes to make on his own behalf to the Fifth District Court of Appeals. Any issues, objections or points must be submitted in writing and filed no later than thirty (30) days after receipt of this Motion/Brief.

**{¶13}** The Certificate of Service certifies that a copy was served on the prosecutor.

**{¶14}** By Judgment Entry filed March 27, 2019, this Court noted that counsel had filed an *Anders* brief and had indicated to the Court that he had served Appellant with the brief. Although the brief contains a notice to the Appellant of his right to file a pro se brief, the certificate of service did not indicate that the brief was served upon Appellant. Accordingly, this Court ordered the Clerk to send a copy of the brief filed by Appellant's counsel to Appellant and further notified Appellant via Certified U.S. Mail that he "may file a pro se brief in support of the appeal on or before May 15, 2019."

**{¶15}** Appellant has not filed anything with this Court.

**{¶16}** We find Appellant's counsel in this matter has adequately followed the procedures required by *Anders.*

*Law and Analysis*

**{¶17}** Pursuant to Loc.App.R. 16(C) and *Anders*, this Court has conducted an independent examination of the record to determine if there are any issues of arguable

merit. *Anders* instructs that if the appellate court determines that the appeal would be "wholly frivolous" (i.e., there are no legal points of arguable merit), the court may grant counsel's request to withdraw and dismiss the appeal. If, however, the court finds any legal points arguable on their merits, the court must afford appellant the assistance of counsel before deciding the merits of the case. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493.

**{¶18}** Upon a complete review of the record, this Court agrees that no prejudicial error occurred in the lower court, and any appeal on Appellant's behalf would be frivolous.

**{¶19}** Accordingly, the motion of appointed counsel to withdraw is granted, and the appeal of the judgment of the Court of Common Pleas of Coshocton County, Ohio, is dismissed.

By: Wise, John, P. J.

Delaney, J., and

Wise, Earle, J., concur.

JWW/d 0312